CALLOWAY, J.,[1]
dissenting.
hit is my opinion that RLB did not have the authority to act alone to transfer immovable property from the LLC to himself without first obtaining the approval of the majority of the members in each class, as well as a majority of the classes of the members. As La. R.S. 12:1318(B)(2) states, in pertinent part, “[ujnless otherwise provided in the articles of organization or a written operating agreement, a majority vote of the members shall be required to approve... [t]he sale, exchange, lease, mortgage, pledge, or other transfer of all or substantially all of the assets of the limited liability company.” It is my opinion that the Articles of Organization and the Operating Agreement do not set forth (1 e., otherwise provide) alternate methods for approving the sale, exchange, lease, mortgage, pledge, or transfer of all or substantially all of the assets of the LLC, other than by approval of a majority of the members. In fact, the Operating Agreement expressly requires a vote of the majority of the members in each class, as well as a majority of the classes, to sell, exchange, lease, mortgage, pledge, or transfer all or substantially all of the assets of the LLC.
Likewise, it is my opinion that the Articles of Organization do not set forth an alternative method for approving the sale, exchange, lease, mortgage, pledge, or | gtransfer of all or substantially all of the assets of the LLC. The Articles of Organization designate RLB as the managing member of the LLC, provide that third parties may rely on his authority to act on behalf of the LLC, and state that RLB is “authorized to sell, partition, donate, encumber, mortgage, lease[,] or otherwise deal with immovable property of the company -without further authorization from the members of the company.” That provision authorizes RLB to act on behalf of the LLC—including the sale or donation of immovable property of the LLC—as to third parties. This provision does not grant RLB the authority to transfer all or substantially all of the immovable property of the LLC to himself, such an action, as provided for in the Operating Agreement, and in La. R.S. 12:1318(B)(1), would require the approval of the majority of the members in each class, as well as a majority of the classes.
Once RLB executed the Articles of Incorporation to create the LLC, adding his five children as members of the LLC, executed the Operating Agreement, and then contributed certain immovable and movable property to the LLC, nothing in the Articles of Incorporation or the Operating Agreement give RLB the authority to take back his contributions and seek dissolution of the LLC without the approval of the members of the LLC. For these reasons, I respectfully dissent. -

. Hon. Curtis A. Calloway, retired, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.